UNITED STATES BANKRUPTCY COURT

| | | |
|---|---|---|
| In re    Andrew J. Collins, | ) | |
| | ) | Chapter: 7 |
| | ) | Case No: 13-41370 |
| Debtor(s). | ) | Judge: MSH |

NOTICE OF AMENDMENT

Notice is hereby given, in accordance with Fed. R. Bank. P. 1009(a) and the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the District of Massachusetts Rule 1009-1, that the following Schedules were amended in the above-referenced bankruptcy proceeding:

1. Schedule I – Current Income of Individual Debtor(s);
2. Schedule J – Current Expenditures of Individual Debtor;
3. Summary of Schedules; and
4. Official Form B6 - Declaration Concerning Debtor(s)' Schedules.

Respectfully submitted,

Dated: June 25, 2013           /s/ David C. Crossley

DAVID C. CROSSLEY, ESQ. (BBO#648197)
for CROSSLEY LAW OFFICE
25 North Main Street, Suite # 1
Natick, MA 01760
Tel. (508) 655-6085

Attorneys for the Debtor(s)

In re ANDREW J COLLINS  ,  Case No. 13-41370
Debtor(s)                                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Amended 06/25/2013

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Single | DEPENDENTS OF DEBTOR AND SPOUSE ||
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | TRADESMAN | |
| Name of Employer | SOLE P. D/B/A COLLINS CARPET | |
| How Long Employed | 6 YEARS | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 2,521.12 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify) | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 2,521.12 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,521.12 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 2,521.12 ||

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

NONE.

Page No. ___ of ___

DETAILED STATEMENT AS REQUIRED BY SCHEDULE I - CURRENT INCOME OF INDIVIDUAL. DEBTOR(S)
LINE 7 – REGULAR INCOME FROM OPERATION OF BUSINESS OR PROFESSION OR FARM

Income from operation of sole prop. business in the two (2) months preceding Ch. 7 filing:

| Date | Amount | Period | | |
|---|---|---|---|---|
| April 30, 2013 | $700.00 | 1 Week | | |
| April 22, 2013 | $700.00 | 1 Week | | |
| April 16, 2013 | $765.00 | 1 Week | | |
| April 8, 2013 | $750.00 | 1 Week | | |
| April 2, 2013 | $500.00 | 1 Week | | |
| March 25, 2013 | $700.00 | 1 Week | | |
| March 18, 2013 | $516.25 | 1 Week | | |
| March 11, 2013 | $612.50 | 1 Week | | |
| March 4, 2013 | $428.75 | 1 Week | | |
| TOTAL | $5,672.50 | /9 Weeks = | $630.28/week or **$2,521.12/month** | |

(See, Sched. I at Line 7)

In re ANDREW J COLLINS , Case No. 13-41370
Debtor(s) (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
## Amended 06/25/2013

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| # | Item | Amount |
|---|------|-------:|
| 1 | Rent or home mortgage payment (include lot rented for mobile home) | $ 680.00 |
|   | a. Are real estate taxes included? Yes ☐ No ☒ | |
|   | b. Is property insurance included? Yes ☐ No ☒ | |
| 2 | Utilities: a. Electricity and heating fuel | $ 158.33 |
|   | b. Water and sewer | $ 0.00 |
|   | c. Telephone | $ 0.00 |
|   | d. Other  Cellphone | $ 46.66 |
|   | Other  Cable | $ 93.42 |
| 3 | Home maintenance (repairs and upkeep) | $ 0.00 |
| 4 | Food | $ 400.00 |
| 5 | Clothing | $ 15.00 |
| 6 | Laundry and dry cleaning | $ 60.00 |
| 7 | Medical and dental expenses | $ 0.00 |
| 8 | Transportation (not including car payments) | $ 0.00 |
| 9 | Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 65.00 |
| 10 | Charitable contributions | $ 0.00 |
| 11 | Insurance (not deducted from wages or included in home mortgage payments) | |
|   | a. Homeowner's or renter's | $ 0.00 |
|   | b. Life | $ 0.00 |
|   | c. Health | $ 0.00 |
|   | d. Auto | $ 106.00 |
|   | e. Other | $ 0.00 |
|   | Other | $ 0.00 |
| 12 | Taxes (not deducted from wages or included in home mortgage) (Specify) | $ 0.00 |
| 13 | Installment payments: (In chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|   | a. Auto | $ 209.93 |
|   | b. Other: | $ 0.00 |
|   | c. Other: | $ 0.00 |
| 14 | Alimony, maintenance, and support paid to others | $ 0.00 |
| 15 | Payments for support of additional dependents not living at your home | $ 0.00 |
| 16 | Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 628.75 |
| 17 | Other: | $ 0.00 |
|   | Other: | $ 0.00 |
|   |  | 0.00 |
| 18 | AVERAGE MONTHLY EXPENSES Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 2,463.09 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
NONE.

20. STATEMENT OF MONTHLY NET INCOME
| | | |
|---|---|---:|
| a. | Average monthly income from Line 16 of Schedule I | $ 2,521.12 |
| b. | Average monthly expenses from Line 18 above | $ 2,463.09 |
| c. | Monthly net income (a. minus b.) | $ 58.03 |

DETAILED STATEMENT AS REQUIRED BY SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR.
LINE 16 – REGULAR EXPENSES FROM OPERATION OF BUSINESS OR PROFESSION OR FARM

Average monthly Expenses from operation of sole prop. business:

Form 1040, Schedule C, Line 28 (Total expenses before expenses for business use of home):     $7,545

(Detailed Itemization of Expenses from Form 1040, Schedule C, Line 28)

| | |
|---|---|
| Car and Truck Expenses: | $5,971 |
| Office Expenses: | $47 |
| Taxes & Licenses: | $277 |
| Cell Phone Usage Costs: | $421 |
| Safety Clothing & Boots: | $523 |
| Tools of Trade: | $306 |
| TOTAL: | $7,545 / 12 months = **$628.75 per month** |

(See, Sched. J at Line 16)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

## Amended 06/25/2013

In re: ANDREW J COLLINS _____   Case No. 13-41370
                Debtor                                                  (if known)

## STATEMENT OF FINANCIAL AFFAIRS- AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not diclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(2), (31).

---

### 1. Income from employment or operation of business

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

Year to date:                   2013 YTD GROSS INCOME
   Last Year: $21,960           2012 ADJUSTED GROSS INCOME
Year before: $24,211            2011 ADJUSTED GROSS INCOME

---

### 2. Income other than from employment or operation of business

None ☒  State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

None ☐ Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts. List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| Creditor: TOYOTA MOTOR CREDIT CO | 03/15/2013 | $209.93 | |
| Address: PO BOX 8 | 04/15/2013 | $209.93 | |
| CHELMSFORD, MA 01824 | 05/15/2013 | $209.93 | |

None ☒ b. Debtor whose debts are not primarily consumer debts. List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☒ c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☒ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☒ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| None ☒ | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

### 7. Gifts

| None ☒ | List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

### 8. Losses

| None ☒ | List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

### 9. Payments related to debt counseling or bankruptcy

| None ☐ | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case. |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Payee: David Crossley<br>Address:<br>25 North Main Street,<br>Suite#1<br>Natick, MA 01760 | Date of Payment: 05/14/2013<br>Payor: ANDREW J COLLINS | $950.00 |

### 10. Other transfers

| None ☒ | a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.) |

| None ☒ | b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary. |

### 11. Closed financial accounts

| None ☒ | List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

### 12. Safe deposit boxes

None ☒ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☒ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None ☒ List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☒ If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

### 17. Environmental Information

None ☒ For the purpose of this question, the following definitions apply.

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| None | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|
| ☒ | |

---

### 18. Nature, location and name of business

None ☐  a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| *Collins Carpet Service* | *ID:XXX-XX-6977* | *18 Edgewater Drive, Apt. 1, Blackstone, MA 01504* | *Carpet Installation* | *01/01/2007 Ongoing* |

None ☒  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  06/25/2013            Signature   /s/ ANDREW J COLLINS
                            of Debtor

Date  _____        Signature   _____
                            of Joint Debtor
                            (if any)

Statement of Affairs - Page 5

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re ANDREW J COLLINS

Case No. 13-41370
Chapter 7

_____ / Debtor

# SUMMARY OF SCHEDULES
## Amended 06/25/2013

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | No | 0 | $ 0.00 | | |
| B-Personal Property | No | 0 | $ 0.00 | | |
| C-Property Claimed as Exempt | No | 0 | | | |
| D-Creditors Holding Secured Claims | No | 0 | | $ 0.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | No | 0 | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | No | 0 | | $ 0.00 | |
| G-Executory Contracts and Unexpired Leases | No | 0 | | | |
| H-Codebtors | No | 0 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,521.12 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,463.09 |
| TOTAL | | 2 | $ 0.00 | $ 0.00 | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re ANDREW J COLLINS

Case No. 13-41370
Chapter 7

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
| --- | --- |
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 21,739.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 21,739.00 |

State the following:

| | |
| --- | --- |
| Average Income (from Schedule I, Line 16) | $ 2,521.12 |
| Average Expenses (from Schedule J, Line 18) | $ 2,463.09 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ 1,892.37 |

State the following:

| | | |
| --- | --- | --- |
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 21,739.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 38,195.54 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 38,195.54 |

In re ANDREW J COLLINS                                                          Case No. 13-41370
                    Debtor                                                                (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
## Amended 06/25/2013
### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___3___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: 6/25/2013                    Signature /s/ ANDREW J COLLINS
                                             ANDREW J COLLINS

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT

| In re    Andrew J. Collins, | ) | |
|---|---|---|
| | ) | Chapter: 7 |
| | ) | Case No: 13-41370 |
| Debtor(s). | ) | Judge: MSH |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2013 a copy of the <u>Notice of Amendment to Schedules I & J; Amended Schedules I & J; Amended Summary of Schedules; and Amended Declaration Concerning Debtor(s)' Schedules – Schedules Signature Page</u> was served upon the individual(s) at the addresses set forth below, by United States Mail, first class, postage pre-paid and/or by electronic notice to the Bankruptcy Court and thereby to the individual(s) listed on the N.E.F. (Notice of Electronic Filing).

| Chapter 7 Trustee<br>Janice G. Marsh, Esq.<br>446 Main St., 19th Fl.<br>Worcester, MA 01608<br>(via CM/ECF) | AMEX<br>PO BOX 297871<br>FORT LAUDERDALE, FL 33329 | BANK OF AMERICA<br>PO BOX 982235<br>EL PASO, TX   79998 |
|---|---|---|
| CAP ONE<br>26525 N RIVERWOODS BLVD<br>METTAWA, IL   60045 | CAP ONE<br>PO BOX 85520<br>RICHMOND, VA   23285 | CHASE<br>PO BOX 15298<br>WILMINGTON, DE   19850 |
| CITGO/CBNA<br>PO BOX 6497<br>SIOUX FALLS, SD   57117 | CITI<br>PO BOX 6241<br>SIOUX FALLS, SD   57117 | DEPT. OF THE TREASURY<br>INTERNAL REVENUE SERVICE<br>Andover, MA   01810 |
| GECRB/WALMART<br>PO BOX 965024<br>ORLANDO, FL   32896 | MASS. D.O.R.<br>PO BOX 9564<br>Boston, MA   02114 | SEARS/CBNA<br>PO BOX 6189<br>SIOUX FALLS, SD   57117 |
| SEARS/CBNA<br>PO BOX 6282<br>SIOUX FALLS, SD   57117 | SHELL/CITI<br>PO BOX 6497<br>SIOUX FALLS, SD   57117 | SUNOCO/CBN<br>PO BOX 6497<br>SIOUX FALLS, SD   57117 |
| THD/CBNA<br>PO BOX 6497<br>SIOUX FALLS, SD   57117 | TOYOTA MOTOR CREDIT CO<br>PO BOX 8<br>CHELMSFORD, MA   01824 | TOYOTA MOTOR CREDIT CO.<br>PO BOX 8<br>Chelmsford, MA   01824 |

/s/ **David C. Crossley**

DAVID C. CROSSLEY, ESQ. (BBO#648197)
For CROSSLEY LAW OFFICE
25 North Main Street, Suite # 1
Natick, MA 01760
Tel. (508) 655-6085

Attorneys for the Debtor(s)